UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICACIO FLORES VILLALOBOS,<br><br>         Plaintiff,<br><br>   v.<br><br>GEORGE ANTHONY BARTON, et al.,<br><br>         Defendants. | Case No. 24-cv-02184-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 5) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**I.     Background**

Plaintiff is currently housed at San Benito County Jail. *See e.g.,* ECF No. 5 at 1. It appears that Plaintiff is a pre-trial detainee and is a defendant in the following cases in San Benito Superior Court: C Nos. 23-cr-0048, 23-cr-1477, 24-cr-0283, 24-cr-0315, HPF 23-2490, HPD 22-3175, HPD 24-0496, and HPF 24-0333. *See, e.g.,* ECF No. 5 at 5.

On April 12, 2024, the Court received a letter from Plaintiff, which stated as follows:

> Must I (the People) remain in custody
> While being [illegible] upon the discretion of the court . . . since rights are waived. Risk [illegible]. Motion for declaratory relief for the [illegible]
>
>                                                         Nicacio Villalobos
>                                                         People of the State of California

ECF No. 1 at 1. Attached to this letter was a letter to Plaintiff from the State Bar of California and court minutes for March 26, 2024 in San Benito County Superior Court C Nos. 23-cv-00048, 23-

01477. The letter from the State Bar of California informed Plaintiff that the State Bar had received the complaint that Plaintiff had filed against attorney George Anthony Barton, and that the complaint would be first reviewed by an attorney in the Intake Unit, and that Plaintiff would be advised of any determination. ECF No. 1 at 2. The March 26, 2024 court minutes reported the proceedings for that date, stating that the criminal proceedings were stayed and that the cases were referred for evaluation and preparation of a Cal. Penal Code § 1368 report to determine Plaintiff's mental competency to stand trial. ECF No. 1 at 3-4.

Because Plaintiff sought relief from the Court, the Court opened an action pursuant to this letter, and informed Plaintiff that the action was deficient because Plaintiff had failed to submit the proper case-initiating form – a complaint on a civil rights complaint by prisoner form – and because Plaintiff had neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. ECF Nos. 2, 3. On April 24, 2024, Plaintiff corrected these deficiencies by filing a complaint, ECF No. 5, and a motion for leave to proceed *in forma pauperis*, ECF No. 6.

## II.     Screening Complaint

### A.     Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

2

do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Complaint

The complaint names as defendants the Department of General Services, the State Bar of California Commission on Judicial Performance, San Benito County deputy district attorney ("DDA") George Anthony Barton, San Benito County judge Patrick Palacios, and the California superior courts. ECF No. 5 at 1, 2. The complaint also names "Donald Trump White House" as a co-plaintiff. ECF No. 5 at 2.

The complaint is hard to follow. The statement of claim is as follows:

> Minute orders attached w/ case numbers. Complaints with case numbers attached. The minute orders are the records/documents required to establish a probable cause order to show cause, a[n] event type, a court established case number, court disposition in regards to all civil rights. His violations All the people making an appearance in which are involved without being "The People of California" Bail (Without bail hearing, matters from 2023, 2022 credits counted over evidence submitted to be entered. Attached are also inmate request to the public defenders & district attorneys to acquire very important records in which would be made very useful to all in appearance, which have not had any response as I am still in custody being detained for more than 60 days without being guilty of any charge.

ECF No. 5 at 2-3. The complaint requests the following relief: "Settle immediately out of court. Lump sum payments. Remedy the evaluated meritorious actions. I will serve any time for Mr. Donald Trump. I will take any charge also for him." ECF No. 5 at 3.

### C.     Dismissal with Leave to Amend

The complaint will be DISMISSED with leave to amend for the following reasons.

First, the complaint is incomprehensible. The statement of claim is written primarily in sentence fragments. It is unclear how Plaintiff's federal rights have allegedly been violated, and how the named defendants are linked to the alleged violation.

3

1    Second, the complaint does not allege a violation of federal law or the federal constitution, which is required to bring an action pursuant to 42 U.S.C. § 1983 and for federal question jurisdiction in this action. *West*, 487 U.S. at 48; 28 U.S.C. § 1331.

Third, to the extent that Plaintiff is seeking relief related to his ongoing state court criminal proceedings, the *Younger* abstention doctrine bars the Court from granting such relief. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

Fourth, the complaint's claims for monetary relief against defendants the California Department of General Services and the California State Bar are likely barred by the Eleventh Immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (with certain exceptions, Eleventh Amendment bars suit against State or one of its agencies or departments); *Kohn v. State Bar of California*, 87 F.4th 1021, 1037 (9th Cir. 2023) ("California State Bar is an arm of the state and entitled to immunity in federal court").

Fifth, if the complaint's claims about deputy district attorney Barton and Judge Palacios arise out of defendants Barton and Palacios' involvement in the currently pending criminal prosecutions against Plaintiff, in their capacities as the prosecuting district attorney and the judge overseeing the cases, these claims would be barred by prosecutorial immunity and judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for her conduct in "pursuing a criminal prosecution" insofar as she acts within her role as "advocate for the State" and her actions are "intimately associated with the judicial phase of the criminal process.").

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint. The amended complaint must include the caption and

1 civil case number used in this order, Case No. C 24-cv-02184 JST (PR) and the words

2 "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must

3 answer all the questions on the form in order for the action to proceed. The amended complaint

4 must be complete in itself without reference to any prior pleading because an amended complaint

5 completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

6 Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure

7 to file an amended complaint in accordance with this order in the time provided will result in

8 dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of

9 the court's civil rights complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: November 18, 2024



JON S. TIGAR
United States District Judge

5